# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Ardo Dini,** | Civil No. 08-5852 (DSD/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Michael J. Astrue,** | |
| Defendant. | |

This matter returns to the undersigned on a motion, by plaintiff Ardo Dini, for attorney fees (Doc. No. 23). Ms. Dini (Dini) is represented by Barbara J. Kuhn, Esq. Defendant Michael J. Astrue, the Commissioner of the Social Security Administration, is represented by Lonnie F. Bryan, Assistant United States Attorney. This matter is referred to the undersigned for a report and recommendation consistent with 28 U.S.C. § 636(b) and Local Rule 72.1(b).[1]

**A.    Background**

Dini brought this action for judicial review of denial of disability benefits by the Social Security Administration (SSA). The parties then filed counter motions for summary judgment. By a report on July 29, 2009, this Court recommended that this matter be remanded to the SSA for further proceedings before an Administrative Law Judge (ALJ). None of the parties objected to the report, and by an order on September 24, 2009, Judge David S. Doty summarily adopted the report and remanded to the SSA.

---

[1]    Except where the parties consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), a magistrate judge lacks the authority to order an award of attorney fees under the Equal Access to Justice Act. *Gleason v. Secretary of Health & Human Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985); *see also Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995).

In the administrative proceedings after Dini applied for benefits in November 2005, the primary issue was whether her impairments were severe enough to prevent her from working. In a decision on February 12, 2008, the ALJ discounted the opinions of certain treating physicians and ultimately concluded that Dini could perform light work. In this ensuing judicial review, the parties chiefly disputed whether the ALJ had substantial evidence to support these conclusions.

Regarding the discounted opinions, this Court initially observed that the physicians rarely examined Dini, and also recounted evidence showing that Dini may have exaggerated or falsified her symptoms. From on this record, this Court determined that the ALJ had substantial evidence to discount opinions of certain physicians. With regard to Dini's ability to perform light work, however, this Court found no evidence to support the specific findings the ALJ had made. This Court remanded for further proceedings, and Dini accordingly prevailed with this argument.

**B.**     **Discussion**

Dini now moves for attorney fees under the Equal Access to Justice Act (EAJA). It is settled, under the EAJA, that a court has authority to grant costs and attorney fees to a prevailing plaintiff in this sort of disability benefits litigation. The EAJA provides in relevant part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To obtain costs and attorney fees under this statute, the prevailing party must allege the agency's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The agency then has

the burden to show that its position was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

To determine whether an agency's position is substantially justified, it must be justified to a degree that would satisfy a reasonable person. *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993). Such justification is present where the agency's position has a reasonable basis in both law and fact, and it is not enough for the agency to show reasonableness in law without addressing the facts, or vice versa. *See Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Lauer*, 321 F.3d at 765.

If there is a close question on whether the law or facts favors the agency's position, then that position is likely to be substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir. 1986). But where the agency disregards evidence, bases its decision on slight evidence, or fails to fully develop the record, its position will not be substantially justified. *Lauer*, 321 F.3d at 765; *Fraction v. Bowen*, 859 F.2d 574, 574-75 (8th Cir. 1988) (per curiam).

Courts take care to distinguish the substantial justification standard from the substantial evidence standard used to review agency decisions. That there is a prevailing plaintiff, meaning that the agency decision was not supported by substantial evidence, does not mean the agency's position is not substantially justified. Put differently, a prevailing plaintiff is not entitled to fees and costs simply because she or he won the lawsuit. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991).

Dini prevailed in this matter because, when the ALJ made specific findings about Dini's ability to work, those findings were not founded on any apparent medical evidence. This ruling was based on such slight evidence that it cannot be substantially justified, and as a result, this Court concludes that an award of attorney fees is appropriate here.

The Commissioner counters, in material part, that an ALJ has authority to decide whether an applicant for disability benefits is able to work. Assuming this contention is correct, it only demonstrates reasonableness in law and does not meaningfully address the underlying facts. As a result, the Commissioner has not satisfied his burden to show substantial justification here.

Having determined that attorney fees are appropriate, this Court now must calculate the amount of the award. The EAJA limits the maximum hourly rate a prevailing party can recover for attorney fees, providing in relevant part,

> "[F]ees and other expenses" includes . . . reasonable attorney fees . . . based on prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee.

28 U.S.C. § 4212(d)(2)(A).

Dini has shown that the prevailing market rate, for attorneys who practice in the area of SSA disability benefits, typically receive $240 per hour. She accordingly asks that the statutory limit of $125 per hour be adjusted upward to account for increased cost of living. To determine the adjustment, Dini proposes the change in the consumer price index from the enactment of the statutory maximum, in March 1996, until the time when the attorney services were rendered, in July 2009.

This method is favored by the Eighth Circuit, *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990), and the Commissioner has not challenged its use here. The record shows that, from March 1996 until July 2009, the consumer price index increased 38%.[2] To properly compensate

---

[2] According to data from the Department of Labor, the consumer price index for this area was 155.7 in March 1996 and 215.351 in July 2009. The difference is 59.651 points, and when this difference is taken a percentage of the 1996 figure, it yields an increase of approximately 38%.

4

counsel consistent with increases in the cost of living, this Court will apply a rate of $172.50 per hour.

**C.     Conclusion**

Dini seeks to be compensated for thirty-seven hours of attorney fees. After review of the itemized time records from counsel, this Court finds it reasonable that counsel be compensated for thirty-four hours' work. This Court, therefore, recommends that counsel be awarded attorney fees in the amount of $5,865.00. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      Ms. Dini's motion for attorney fees (Doc. No. 23) be **GRANTED.**

2.      The Commissioner shall promptly pay attorney fees to the Legal Aid Society of Minneapolis in the amount of $5,865.00.

Dated this 23rd day of December, 2009.

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **January 7, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.